COPY

ARTURO J. GONZÁLEZ (BAR NO. 121490)
AGonzalez@mofo.com
WILLIAM F. TARANTINO (BAR NO. 215343)
WTarantino@mofo.com
ALEXANDRIA A. AMEZCUA (BAR NO. 247507)
AAmezcua@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
GENERAL NUTRITION CENTERS, IOVATE HEALTH SCIENCES U.S.A., INC.

FILED

2009 NOV -6 PM 3:55

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JESSICA ROGOFF,

Plaintiff,

v.

GENERAL NUTRITION CENTERS, a business organization form unknown; IOVATE HEALTH SCIENCES INTERNATIONAL USA, INC., a.k.a. IOVATE HEALTH SCIENCES U.S.A. INC., a corporation; IOVATE HEALTH SCIENCES, INC., a Canadian corporation; and DOES 1 through 300, inclusive,

Defendant.

Case No. CV09-8188 DDP (FFMx)

NOTICE OF REMOVAL

Date Action Filed: 09/29/09

Defendants IOVATE HEALTH SCIENCES U.S.A., INC. and GENERAL NUTRITION CENTER, INC. (collectively, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. § 1441(a), and in support thereof state the following:

1.  On or about September 29, 2009, an action was commenced in the Superior Court of California, County of Los Angeles, entitled *Jessica Rogoff v. General Nutrition Centers, et al.*, Case No. BC422842 ("State Court Action"). A true and correct copy of the original complaint is attached hereto as Exhibit A.

2.  Plaintiff purported to serve General Nutrition Center, Inc. on October 9, 2009 and Iovate Health Sciences U.S.A., Inc. on or around October 9, 2009. Prior thereto, Defendants had not been served with the complaint. Defendants have not filed any responsive pleading in the State Court Action. As required by 28 U.S.C. §1446(b), this Notice of Removal is accordingly being filed with this Court within thirty (30) days after receipt by General Nutrition Center, Inc., through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the State Court Action is based. A true and correct copy of the summons reflecting plaintiff's attempt to serve Defendants is attached hereto as Exhibit B.

3.  Plaintiff Jessica Rogoff is an individual and citizen of the State of California.

4.  Iovate Health Sciences U.S.A., Inc. is a Delaware corporation, with its principal place of business in New York. General Nutrition Center, Inc. is a Delaware corporation, with its principal place of business in Pennsylvania.

6.  There is complete diversity of citizenship among and between the plaintiff on the one hand (a California resident) and Defendants on the other hand (New York and Pennsylvania, respectively). As evidenced by plaintiff's complaint and accompanying Statement of Damages (*see* Exhibit A), the matter in controversy will exceed the sum of $75,000, exclusive of interest and costs. Iovate

disputes that it is liable for any amount whatsoever related to the matter in controversy, however, it appears from the complaint that plaintiff's alleged claims will exceed $75,000, insofar as:

(a) Plaintiff claims that she suffered injury in fact, including "liver compromise," which "continues to deteriorate, thus causing severe and permanent injury and damage" (Compl. ¶ 17);

(b) Plaintiff claims that she lost money or property as a result of Defendants' acts, including because she "was required to employ the services of hospitals, physicians, surgeons, nurses, and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services, and sundries" (*see*, *e.g.*, Compl. ¶ 32);

(c) Plaintiff claims that injury as a result of Defendants' acts "prevented [her] from engaging in her usual occupation, thereby sustaining a loss of income both past and future"(*see*, *e.g.*, Compl. ¶ 33);

(d) Plaintiff alleges the following causes of action against Defendants: 1) strict products liability – defect in design; 2) strict products liability – defect in manufacturing; 3) strict products liability – failure to warn; 4) breach of the implied warranty of merchantability; 5) breach of the implied warranty of fitness; 6) breach of express warranty; 7) negligence; 8) intentional infliction of emotional distress; 9) negligent infliction of emotional distress; 10) fraud and concealment; and 11) punitive damages.

(e) Plaintiff seeks the following relief from Defendants: general damages; exemplary or punitive damages; Plaintiff's loss of income, wages, and earning potential; medical and related damages, both past and future; prejudgment interest; and Plaintiff's costs of suit.

(f) Plaintiff's Statement of Damages requests damages of approximately $13,510,000, including pain and suffering, emotional distress, past and future medical expenses, loss of past and future earnings, and punitive damages.

7. As demonstrated above, the District Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8. Defendants will, upon filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will serve a copy of same upon plaintiff's counsel.

9. Defendants hereby assert that this removal in no way constitutes: a waiver of any jurisdictional defenses to plaintiff's claims; a waiver of any defense or contest to the validity and effectiveness of service of process upon Defendants; a waiver of the statute of limitations defense; a waiver of the defense that Defendants are not proper parties to this lawsuit; or a waiver of any other defenses or challenges to the complaint.

Dated: November 6, 2009

ARTURO J. GONZÁLEZ
WILLIAM F. TARANTINO
ALEXANDRIA A. AMEZCUA
MORRISON & FOERSTER LLP

By: ______________________
William F. Tarantino

Attorneys for Defendants
GENERAL NUTRITION CENTERS,
IOVATE HEALTH SCIENCES U.S.A., INC.

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 425 Market Street, San Francisco, California 94105-2482. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on November 6, 2009, I served a copy of:

**NOTICE OF REMOVAL**

**IOVATE HEALTH SCIENCES U.S.A., INC.'S NOTICE OF INTERESTED PARTIES**

**GENERAL NUTRITION CENTER INC.'S NOTICE OF INTERESTED PARTIES**

**BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482 in accordance with Morrison & Foerster LLP's ordinary business practices.

I am readily familiar with Morrison & Foerster LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP with postage thereon fully prepaid for collection and mailing.

Thomas E. Rockett, III
Roger F. Paredes
Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
Fax: 909-861-4441

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California, this 6th day of November, 2009.

| Valerie Carter | Valerie Carter |
|---|---|
| (typed) | (signature) |

# Exhibit A

ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT
SEP 29 2009
JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

Thomas E. Rockett, III, Esq., SBN 126248
Roger F. Paredes, Esq., SBN 140277
LAW OFFICES OF THOMAS E. ROCKETT, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

Attorney for Plaintiff, JESSICA ROGOFF

A7260
90640

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT**

JESSICA ROGOFF,

Plaintiff,

vs.

GENERAL NUTRITION CENTERS, a business organization form unknown; IOVATE HEALTH SCIENCES INTERNATIONAL USA, INC., a.k.a. IOVATE HEALTH SCIENCES U.S.A. INC., a corporation; IOVATE HEALTH SCIENCES, INC., a Canadian corporation; and DOES 1 through 300, inclusive,

Defendants.

CASE NO.: BC422842

***UNLIMITED JURISDICTION***

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES:**

1. **Strict Products Liability–Defect in Design**
2. **Strict Products Liability–Defect in Manufacturing**
3. **Strict Products Liability–Failure to Warn**
4. **Breach of the Implied Warranty of Merchantability**
5. **Breach of the Implied Warranty of Fitness**
6. **Breach of Express Warranty**
7. **Negligence**
8. **Intentional Infliction of Emotional Distress**
9. **Negligent Infliction of Emotional Distress**
10. **Fraud and Concealment**
11. **Punitive Damages**

CIT/CASE: BC422842 LEA/DEF#:
RECEIPT #: CCH478057047
DATE PAID: 09/29/09 02:59:31 PM
PAYMENT: $355.00
RECEIVED:
CHECK: $355.00
CASH:
CHANGE:
CARD:
0310

D-40

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

Plaintiff, JESSICA ROGOFF, an individual herein alleges:

**GENERAL ALLEGATIONS**

1. At all times herein mentioned, Plaintiff JESSICA ROGOFF was and is an individual living in the State of California, County of Los Angeles.

2. At all times herein mentioned, defendant GENERAL NUTRITION CENTERS (hereinafter referred to as "GNC") was, and is, a business organization whose form is currently unknown but authorized to do, and actively doing, business in the County of Los Angeles, State of California.

3. At all times herein mentioned, defendant IOVATE HEALTH SCIENCES INTERNATIONAL USA, INC., a.k.a. IOVATE HEALTH SCIENCES U.S.A. INC. was, and is, a business organization believed to be incorporated in the State of New York but was, and is, actively doing business in the County of Los Angeles, State of California.

4. At all times herein mentioned, defendant IOVATE HEALTH SCIENCES, INC. was, and is, a business organization believed to be domiciled and incorporated in the country of Canada and currently existing under her laws. It is further believed that defendant was, and is, actively doing business in the County of Los Angeles, State of California.

5. At all times herein mentioned, defendants, and each of them, were the agents, partners, servants, joint venturers, and/or employees of their co-defendants and, in doing the things hereinafter described, were acting within the scope of their authority as such agents, partners, servants, joint venturers, and/or employees and with the permission and consent of each other.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1through 300, inclusive and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants are negligently responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were caused by the acts of the defendants, and each of them, as hereinafter alleged.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

7. This court has proper jurisdiction over this action. At all times herein mentioned Plaintiff was a resident of the County of Los Angeles, State of California. At all relevant times herein mentioned, all defendants were business entities or individuals doing business in the County of Los Angeles, State of California.

8. The damages and injuries, which form the basis of this lawsuit, were sustained in the County of Los Angeles, State of California.

9. The amount in controversy herein is within the jurisdictional limitations of this Court.

10. At all times herein mentioned, defendant IOVATE HEALTH SCIENCES, INC., and DOES 1 through 99 inclusive, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling a product known as Hydroxycut Max (hereinafter referred to as "Hydroxycut") and its component parts and constituents, for resale to and use by members of the general public for the purpose of use as a dietary supplement for weight loss.

11. At all times herein mentioned, defendant IOVATE HEALTH SCIENCES INTERNATIONAL USA, INC., a.k.a. IOVATE HEALTH SCIENCES U.S.A. INC., and DOES 100 through 199 inclusive, and each of them, were engaged in the business of manufacturing, designing, distributing, supplying and selling the said Hydroxycut and its component parts and constituents to retail outlets so that same could be resold to the public by the said retail outlets.

12. At all times herein mentioned, defendant GENERAL NUTRITION CENTERS, and DOES 200 through 300 inclusive, and each of them, were engaged in the business of recommending and/or selling at retail to members of the general public the said Hydroxycut which was to be used by the general public for the purpose of use as a dietary supplement for weight loss.

///

///

///

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

**FACTS**

13. On or about November 3, 2008, Plaintiff patronized the defendant, GNC within the Montebello Town Center located within the City of Montebello, County of Los Angeles, State of California.

14. Based upon television and/or radio advertisements as being highly effective and safe for the purpose as a dietary supplement for weight loss, Plaintiff went to GNC for the specific purpose of researching and purchasing weight loss dietary supplements, specifically targeting the product Hydroxycut as identified in said television and/or radio advertisements.

15. Agents, representatives, and/or employees of defendant GNC further represented the efficacy of the weight loss dietary supplement Hydroxycut for the specific purpose to which Plaintiff sought advice–that of weight loss.

16. Based upon radio and television advertisements, as well as the representations made by the agents, representatives, and/or employees of GNC as aforementioned, Plaintiff purchased the product Hydroxycut Max for the specific purpose as a weight loss dietary supplement.

17. During the ensuing months after her purchase, Plaintiff used the product Hydroxycut Max as directed without deviation, modification, and/or supplementation. In or about April of 2009, Plaintiff began displaying signs and symptoms of liver compromise, among other things. Her liver function has, and continues to, deteriorate thus causing severe and permanent injury and damage.

18. For years prior to the recall of Hydroxycut products in May of 2009, defendants, and each of them, knew of the dangers of their Hydroxycut product to the consumer's health, especially as it relates to causing serious risk of liver injury and/or damage. Defendants, and each of them, knew, or should have known, that the liver damage caused by the product known as Hydroxycut could cause serious health problems and/or death.

///

///

19. Despite this knowledge, defendants, and each of them, continued to manufacture, design, assemble, compound, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, advertise, promote, market, and sell the product known as Hydroxycut to consumers internationally, all to the detriment of the consumer of said product.

**FIRST CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY–DEFECT IN DESIGN**

**(As Against All Defendants)**

20. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 19 of this complaint, and re-alleges them as though fully set forth herein.

21. That at all relevant times, defendants, and each of them, were engaged in the business manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and selling a certain product known as Hydroxycut, a weight loss dietary supplement.

22. The defendants, and each of them, so negligently, carelessly, recklessly, wantonly, and unlawfully manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold the product known as Hydroxycut, and all the component products thereof, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended and/or used, as was foreseeable as used by Plaintiff herein.

23. The defect in design existed at the time defendants, and each of them, placed the product known as Hydroxycut, and all its component products, into the stream of commerce.

24. Defendants, and each of them, knew that the product known as Hydroxycut was to be purchased and used without inspection and/or testing for defects in design by Plaintiff and all other consumers of said product.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

25. On or about November 3, 2008, Plaintiff purchased Hydroxycut Max, a product designed and manufactured by defendants, and each of them, and acquired at defendant GNC store within the Montebello Town Center.

26. After its purchase, Plaintiff used and consumed the product Hydroxycut Max in accordance with its instructions and/or in a reasonably foreseeable manner.

27. That at all relevant times, the product failed to perform as an ordinary consumer, such as the Plaintiff, would have expected in that use as directed, or reasonably foreseeable, would cause serious liver injury as that suffered by Plaintiff.

28. That at all relevant times, the risk of injury to the liver, among other things, is not outweighed by any conceivable benefits the subject product may articulate.

29. The product known as Hydroxycut, and all its component products, was unsafe for its intended, or reasonably foreseeable use, by reason of defects in its manufacture, design, testing, components and constituents so that it would not safely serve its purpose, but would instead expose the end users/consumers, of which Plaintiff is a part, to serious and/or deadly injuries and/or consequences because of the failure of the defendants, and each of them, to properly guard and protect the end user/consumer from the defective design of said product.

30. Plaintiff was not aware of said defects at any time prior to serious health complications suffered by the Plaintiff.

31. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of defendants, and each of them as aforementioned, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

32. By reason of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

amounts.

33. That as a direct, legal and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them as aforementioned, they have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

**SECOND CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY–DEFECT IN MANUFACTURING**

**(As Against All Defendants)**

34. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 33 of this complaint, and re-alleges them as though fully set forth herein.

35. That at all relevant times, defendants, and each of them, were engaged in the business manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and selling a certain product known as Hydroxycut, a weight loss dietary supplement.

36. The defendants, and each of them, so negligently, carelessly, recklessly, wantonly, and unlawfully manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold the product known as Hydroxycut, and all the component products thereof, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended and/or used, as was foreseeable as used by Plaintiff herein.

37. The defect in manufacturing existed at the time defendants, and each of them, placed the product known as Hydroxycut, and all its component products, into the stream of commerce.

///

///

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

38. The product Hydroxycut Max had a manufacturing defect in that, among other things, it varied from apparently identical products from the same manufacturer and/or it differed from the manufacturer's intended result.

39. Defendants, and each of them, knew that the product known as Hydroxycut was to be purchased and used without inspection and/or testing for defects in manufacturing by Plaintiff and all other consumers of said product.

40. Said product left the manufacturer in a defective condition and did not undergo any changes and/or alterations when said product was consumed by the end user/consumer, of which Plaintiff was a part.

41. The product known as Hydroxycut, and all its component products, was unsafe for its intended, or reasonably foreseeable use, by reason of defects in its manufacture, design, testing, components and constituents so that it would not safely serve its purpose, but would instead expose the end users/consumers, of which Plaintiff is a part, to serious and/or deadly injuries and/or consequences because of the failure of the defendants, and each of them, to properly guard and protect the end user/consumer from the defective manufacture of said product.

42. Plaintiff was not aware of said defects at any time prior to serious health complications suffered by the Plaintiff.

43. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of defendants, and each of them as aforementioned, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

44. By reason of the foregoing, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

45. That as a direct, legal and proximate result of the aforementioned acts of the defendants, and each of them, they have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

**THIRD CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY--FAILURE TO WARN**

**(As Against All Defendants)**

46. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 45 of this complaint, and re-alleges them as though fully set forth herein.

47. At the time of the purchase of the product Hydroxycut Max, defendants, and each of them, represented to the public, including the Plaintiff, that Hydroxycut and Hydroxycut Max, sold by defendants was extraordinarily safe for its intended use and of the highest quality. Defendants, and each of them, did not at any time warn Plaintiff, as an intended end user of the aforementioned product, of the dangerous propensity of Hydroxycut to a consumer's health and well-being, especially as it relates to causing liver damage.

48. The product Hydroxycut purchased by Plaintiff, as a end user/consumer, from the defendants, and each of them, possessed a defect in that inadequate warnings, if any, were given to the purchaser concerning the potential for serious health risks, including liver damage. Plaintiff is informed and believes and on that basis alleges that the Hydroxycut was defective in that, among other things, use and consumption of Hydroxycut in a reasonably foreseeable manner involved a substantial danger of health risks, especially liver damage that would not be recognized by the ordinary user or consumer of the product, and defendants knew or should have known of the danger but failed to give adequate warning of such danger.

49. Defendants, and each of them, had a duty to provide adequate warning to the users/consumers on the serious health risks, including liver damage, that can occur and is reasonably foreseeable, to which defendants were aware or should have been aware and such danger would not be readily recognized by the ordinary user and/or consumer.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

50. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of defendants, and each of them as aforementioned, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

51. By reason of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

52. That as a direct, legal and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them as aforementioned, they have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

**FOURTH CAUSE OF ACTION**

**BREACH OF THE IMPLIED**

**WARRANTY OF MERCHANTABILITY**

**(As Against All Defendants)**

53. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 52 of this complaint, and re-alleges them as though fully set forth herein.

54. Prior to November 2, 2008, and prior to the time that the said product known as Hydroxycut was being used by the Plaintiff, the defendants, and each of them, impliedly warranted to members of the general public, including the Plaintiff, that the said product known as Hydroxycut was of merchantable quality for which it was intended by the defendants, namely for the purpose of a dietary supplement for weight loss.

///

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

55. Plaintiff relied on the skill and judgment of defendants, and each of them, in the selection, purchase and use of the said product Hydroxycut.

56. The said product Hydroxycut was not safe nor was it of merchantable quality as warranted by defendants, and each of them, in that it was defectively designed, manufactured, and/or labeled thereby dangerously exposing the user of said Hydroxycut to serious health injuries and damages.

57. After Plaintiff received the injuries complained of herein as a result of said defective condition of the said product Hydroxycut, notice was given by Plaintiff to defendants, and each of them, in the time and in the manner and in the form prescribed by law, of the breach of said implied warranty of merchantability.

58. As a direct and proximate result of the breach of said implied warranty of merchantability, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

59. By reason of the breach of said implied warranty of merchantability, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

60. That as a direct, legal and proximate result of the breach of said implied warranty of merchantability, defendants, and each of them, have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

///

///

///

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

**FIFTH CAUSE OF ACTION**

**BREACH OF THE IMPLIED**

**WARRANTY OF FITNESS**

**(As Against All Defendants)**

61. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 60 of this complaint, and re-alleges them as though fully set forth herein.

62. Prior to November 3, 2008, and prior to the time that the said product known as Hydroxycut was being used by the Plaintiff, the defendants, and each of them, impliedly warranted to members of the general public, including the Plaintiff, that the said product known as Hydroxycut was safe for the use and purpose for which it was intended by the defendants, namely for the purpose of a dietary supplement for weight loss.

63. Plaintiff relied on the skill and judgment of defendants, and each of them, in the selection, purchase and use of the said product Hydroxycut.

64. The said product Hydroxycut was not safe for its intended use and purpose as warranted by defendants, and each of them, in that it was defectively designed, manufactured, and/or labeled thereby dangerously exposing the user of said Hydroxycut to serious health injuries and damages.

65. After Plaintiff received the injuries complained of herein as a result of said defective condition of the said product Hydroxycut, notice was given by Plaintiff to defendants, and each of them, in the time and in the manner and in the form prescribed by law, of the breach of said implied warranty of fitness for the particular purpose for which it was intended.

66. As a direct and proximate result of the breach of said implied warranty of fitness for its particular purpose, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

///

///

///

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

67. By reason of the breach of said implied warranty of fitness for its particular purpose, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

68. That as a direct, legal and proximate result of the breach of said implied warranty of fitness for its particular purpose, defendants, and each of them, have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

**SIXTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

**(As Against All Defendants)**

69. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 68 of this complaint, and re-alleges them as though fully set forth herein.

70. At all times herein mentioned, on and prior to November 3, 2008 the defendants, and each of them, utilized advertising media, professional publications, detail persons, and salespersons to urge the use and purchase of the said product Hydroxycut, and expressly warranted to members of the general public, including the Plaintiff herein, that the said product Hydroxycut was effective, proper, and safe for its intended use as a dietary supplement for weight loss.

71. Plaintiff relied upon the said express warranty representations of the defendants, and each of them, in the purchase and use of the product Hydroxycut.

72. The product Hydroxycut was not effective, proper and safe for its intended use as expressly warranted by defendants, and each of them, in that the said product Hydroxycut was defective, thereby causing serious injury when the product Hydroxycut was being put to its intended use.

73. Within a reasonable time after discovery that the said product known as Hydroxycut was defective and unsafe for its intended use, Plaintiff notified defendants of the breach of said express warranty in the manner and form prescribed by law.

74. As a direct and proximate result of the breach of said express warranty, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

75. By reason of the breach of said express warranty, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

76. That as a direct, legal and proximate result of the breach of said express warranty, defendants, and each of them, have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

**SEVENTH CAUSE OF ACTION**

**NEGLIGENCE**

**(As Against All Defendants)**

77. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 76 of this complaint, and re-alleges them as though fully set forth herein.

78. At all times herein mentioned, defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling a certain product called Hydroxycut and its component parts and constituents, for resale to and use by members of the general public for the purpose of use as a dietary supplement for weight loss.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

79. That all relevant times, defendants, and each of them, had a duty to properly manufacture, design, assemble, compound, test, inspect, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, advertise, promote, and market the product Hydroxycut so as to be safe and effective as represented and/or advertised.

80. At all times herein mentioned, defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that Hydroxycut was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

81. The defendants, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the said Hydroxycut, and its component parts and constituents, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended and/or directed by the defendants, and each of them.

82. The defective and dangerous character and condition of the said Hydroxycut, and that it was unsafe for the use and purpose for which it was intended when used as recommended and/or directed by the defendants, and each of them, was known to the defendants, and each of them, or in the exercise of ordinary and reasonable care should have been known and discovered by defendants, and each of them. Furthermore, the dangerous and defective character and condition of the said Hydroxycut was not made known to the Plaintiff by the defendants, and each of them.

83. In or about April of 2009, while Plaintiff was using the said Hydroxycut, for the purpose and manner in which it was intended, and as a proximate result of the said negligence and carelessness of the defendants, and each of them as aforementioned, the said Hydroxycut was caused to severely injure and compromise Plaintiff's health condition, especially

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

injuring and compromising her liver and its function, resulting in serious, severe, and permanent injuries to Plaintiff as aforementioned and/or hereinafter alleged.

84. Plaintiff was not aware of said defects at any time prior to serious health complications suffered by the Plaintiff.

85. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of defendants, and each of them as aforementioned, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

86. By reason of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

87. That as a direct, legal and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them as aforementioned, they have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

**EIGHTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(As Against All Defendants)**

88. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 87 of this complaint, and re-alleges them as though fully set forth herein.

89. That at all relevant times, defendants, and each of them, were engaged in the business manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising,

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

recommending, advertising, promoting, marketing, and selling a certain product known as Hydroxycut, a weight loss dietary supplement.

90. That all relevant times, defendants, and each of them, had a duty to properly manufacture, design, assemble, compound, test, inspect, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, advertise, promote, and market the product Hydroxycut so as to be safe and effective as represented and/or advertised.

91. At all times herein mentioned, defendants, and each of them, knew that Hydroxycut was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold, for the use and purpose for which it was intended, it was highly likely to injure the person or persons by whom it was used.

92. The defendants, and each of them, so carelessly, recklessly, wantonly, and unlawfully manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold the product known as Hydroxycut, and all the component products thereof, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended and/or used, as was foreseeable as used by Plaintiff herein.

93. At all times herein mentioned, on and prior to November 3, 2008 the defendants, and each of them, knew that the product Hydroxycut was not effective, proper and safe for its intended use as advertised and warranted by defendants, and each of them, in that the said product Hydroxycut was defective, thereby causing serious injury when the product Hydroxycut was being put to its intended use.

94. On and prior to the time Plaintiff, as a targeted consumer of said product, purchased the product known as Hydroxycut, defendants, and each of them, were aware of the adverse health risks associated with the intended, or reasonably foreseeable, use of the product Hydroxycut. In particular, and without limiting the generality of the foregoing, defendants, and

each of them knew that intended and/or reasonable use of Hydroxycut as a dietary supplement for weight loss can cause liver damage and/or compromise, of which Plaintiff has suffered, and will continue to suffer.

95. Defendants, and each of them, further knew that consumers of Hydroxycut would consume the product without further examination and/or testing. Despite this knowledge, and that imparted upon defendants, and each of them, as aforementioned, defendants nonetheless ignored the dangerous nature of the product Hydroxycut and continued to manufacture, design, assemble, compound, test, inspect, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, advertise, promote, and market the product Hydroxycut for consumption as a dietary weight loss supplement and continued to do so knowing said product was not safe and effective as represented and/or advertised.

96. Defendants, and each of them, knowing that their product was dangerous to the public's health and welfare, intentionally, willfully and recklessly put the product known as Hydroxycut into the stream of commerce for consumer consumption. At all times herein mentioned, defendants conduct is so extreme so as to go beyond all possible bounds of decency and that defendants intended to cause emotional harm, or acted with reckless disregard of the probability that emotional harm would result, by the acts as aforementioned specifically targeting consumers of which a Plaintiff is a part.

97. As a direct and proximate result of the carelessness, recklessness, wantonness and unlawfulness of defendants, and each of them as aforementioned, Plaintiff sustained severe and serious liver damage, among other things, to her person, the very type of health risks defendants knew about but did not reveal to the consumer, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

98. By reason of the carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained,

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

plaintiff will ask leave of the court to amend this complaint and allege said amounts.

99. That as a direct, legal and proximate result of the carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them as aforementioned, they have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

100. Defendants, and each of them, engaged in the aforementioned acts with oppression, fraud or malice as those terms are defined in *Civil Code* §3294. Defendants conduct was intended to cause injury to the Plaintiff, or done with such reckless conduct, that defendants should have known would cause considerable harm to Plaintiff, and yet was carried on with a high degree of despicable and conscious disregard for the Plaintiff's rights as a consumer. Therefore, based upon the foregoing, Plaintiff is entitled to Punitive Damages.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

**NINTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**(As Against All Defendants)**

101. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 100 of this complaint, and re-alleges them as though fully set forth herein.

102. At all times herein mentioned, defendants, and each of them, were engaged in the business of manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing and selling a certain product called Hydroxycut and its component parts and constituents, for resale to and use by members of the general public for the purpose of use as a dietary supplement for weight loss.

103. That all relevant times, defendants, and each of them, had a duty to properly manufacture, design, assemble, compound, test, inspect, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, advertise, promote, and market the product Hydroxycut so as to be safe and effective as represented and/or advertised.

///

104. At all times herein mentioned, defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that Hydroxycut was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold, for the use and purpose for which it was intended, it was likely to injure the person or persons by whom it was used.

105. The defendants, and each of them, so negligently and carelessly manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the said Hydroxycut, and its component parts and constituents, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended when used as recommended and/or directed by the defendants, and each of them.

106. The defective and dangerous character and condition of the said Hydroxycut, and that it was unsafe for the use and purpose for which it was intended when used as recommended and/or directed by the defendants, and each of them, was known to the defendants, and each of them, or in the exercise of ordinary and reasonable care should have been known and discovered by defendants, and each of them. Prior to Plaintiff's purchase of the aforementioned product, defendants knew or should have known of the dangerous propensities of the subject product as causing, among other things, liver damage or compromise. Furthermore, the dangerous and defective character and condition of the said Hydroxycut was not made known to the Plaintiff by the defendants, and each of them.

107. In or about April of 2009, while Plaintiff was using the said Hydroxycut, for the purpose and manner in which it was intended, and as a proximate result of the said negligence and carelessness of the defendants, and each of them as aforementioned, the said Hydroxycut was caused to severely injure and compromise Plaintiff's health condition, especially injuring and compromising her liver and its function, resulting in serious, severe, and permanent injuries to Plaintiff as aforementioned and/or hereinafter alleged.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

108. Plaintiff was not aware of said defects at any time prior to serious health complications suffered by the Plaintiff.

109. As a direct and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of defendants, and each of them as aforementioned, Plaintiff sustained severe and serious injury to her person, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

110. By reason of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

111. That as a direct, legal and proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them as aforementioned, they have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

**TENTH CAUSE OF ACTION**

**FRAUD BY CONCEALMENT**

**(As Against All Defendants)**

112. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 111 of this complaint, and re-alleges them as though fully set forth herein.

113. That at all relevant times, defendants, and each of them, were engaged in the business manufacturing, designing, assembling, compounding, testing, inspecting, packaging, labeling, fabricating, constructing, analyzing, distributing, servicing, merchandising, recommending, advertising, promoting, marketing, and selling a certain product known as Hydroxycut, a weight loss dietary supplement.

114. That all relevant times, defendants, and each of them, had a duty to properly manufacture, design, assemble, compound, test, inspect, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, advertise, promote, and market the product Hydroxycut so as to be safe and effective as a dietary supplement for weight loss as represented and/or advertised.

115. At all times herein mentioned, defendants, and each of them, knew that Hydroxycut was a product of such a nature that if it was not properly manufactured, designed, assembled, compounded, tested, inspected, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold, for the use and purpose for which it was intended, it was highly likely to injure the person or persons by whom it was used.

116. The defendants, and each of them, so carelessly, recklessly, wantonly, and unlawfully manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed, and sold the product known as Hydroxycut, and all the component products thereof, so that it was in a dangerous and defective condition, and unsafe for the use and purpose for which it was intended and/or used, as was foreseeable as used by Plaintiff herein.

117. At all times herein mentioned, on and prior to November 3, 2008 the defendants, and each of them, knew that the product Hydroxycut was not effective, proper and safe for its intended use as advertised and warranted by defendants, and each of them, in that the said product Hydroxycut was defective, thereby causing serious injury when the product Hydroxycut was being put to its intended use.

118. On and prior to the time Plaintiff, as a targeted consumer of said product, purchased the product known as Hydroxycut, defendants, and each of them, were aware of the adverse health risks associated with the intended, or reasonably foreseeable, use of the product Hydroxycut. In particular, and without limiting the generality of the foregoing, defendants, and each of them knew that intended and/or reasonable use of Hydroxycut as a dietary supplement for

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

weight loss can cause liver damage and/or compromise, of which Plaintiff has suffered, and will continue to suffer.

119. Defendants, and each of them, further knew that consumers of Hydroxycut would consume the product without further examination and/or testing. Despite this knowledge, and that imparted upon defendants, and each of them, as aforementioned, defendants nonetheless ignored the dangerous nature of the product Hydroxycut and continued to manufacture, design, assemble, compound, test, inspect, package, label, fabricate, construct, analyze, distribute, service, merchandise, recommend, advertise, promote, and market the product Hydroxycut for consumption as a dietary weight loss supplement and continued to do so knowing said product was not safe and effective as represented and/or advertised.

120. At all times relevant herein, defendants, and each of them, purposefully, willfully, and intentionally concealed the information concerning health risks as aforementioned for the purpose of inducing the purchase and use of the product Hydroxycut.

121. Plaintiff was unaware of the existence of the facts which defendants, and each of them, failed to disclose and in fact actively suppressed and concealed aforementioned facts from the public.

122. When the defendants made representations concerning Hydroxycut's safety and effectiveness as a dietary weight loss supplement, they knew them to be false and made these representations with the intention to deceive and defraud the consumer, of which Plaintiff was a part, and induce the consumer, of which Plaintiff was a part, to act in reliance on these representations in the manner described, or with the expectation that the consumer, of which Plaintiff was a part, would so act.

123. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to, and did, purchase the product known as Hydroxycut on or about November 3, 2008.

///

///

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

124. Had Plaintiff known the actual facts, she would not have taken such action. Plaintiff's reliance on Defendants' representation was justified.

125. As a direct and proximate result of the carelessness, recklessness, wantonness and unlawfulness of defendants, and each of them as aforementioned, Plaintiff sustained severe and serious liver damage, among other things, to her person, the very type of health risks defendants knew about but did not reveal to the consumer, all to Plaintiff's damage in a sum within the jurisdictional limitations of this Court and to be shown according to proof.

126. By reason of the fraudulent, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff was required to employ the services of hospitals, physicians, surgeons, nurses and other professional services and was compelled to incur expenses for ambulance service, extended hospital stays, medicines, x-rays, and other medical supplies, services and sundries in an amount as yet unascertained. When said amounts are ascertained, plaintiff will ask leave of the court to amend this complaint and allege said amounts.

127. That as a direct, legal and proximate result of the fraudulent, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them as aforementioned, they have prevented Plaintiff from engaging in her usual occupation, thereby sustaining a loss of income both past and future, in an amount as of yet undeterminable. When said amounts are ascertained, Plaintiff will ask leave of the court to amend this complaint and allege said amounts.

128. The aforementioned conduct was an intentional misrepresentation, deceit and/or concealment of material facts known to Defendants, with the intention on the part of Defendants of causing injury and was despicable conduct that subjected to cruel and unjust hardship and conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages.

///

///

///

///

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

**ELEVENTH CAUSE OF ACTION**

**PUNITIVE DAMAGES**

**(As Against All Defendants)**

129. Plaintiff repeats and re-pleads those allegations set forth in paragraphs 1 through 128 of this complaint, and re-alleges them as though fully set forth herein.

130. Defendants, and each of them, manufactured, designed, assembled, compounded, tested or failed to test, inspect or failed to inspect, packaged, labeled, fabricated, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold the said Hydroxycut, and its component parts, a product which said defendants knew to be dangerous and unsafe for the purpose for which they intended it to be used, namely as a dietary supplement for weight loss. At all times herein mentioned, prior to and at the time the defendants, and each of them, sold the said Hydroxycut to Plaintiff, and prior to the time that said product was used by Plaintiff, the defendants, and each of them, knew, as a result of clinical studies, tests, research, complaints of other users and other information, that the said Hydroxycut, and its component parts, was defectively designed and manufactured, that it had extremely dangerous properties and defects, in that it would cause liver damage and/or compromise, among other things, to users of said product, thereby threatening the life and health of the users; and at all of said times, the defendants, and each of them, knew that the defects in said Hydroxycut had caused serious injury and damage to other users of same.

131. At all times herein mentioned, defendants, and each of them, despite the actual knowledge described hereinabove, intentionally suppressed the aforementioned test results, complaints, and other information to keep such knowledge from the general public, including Plaintiff as part of the consuming public targeted by defendants, and failed to take any steps to warn Plaintiff, or other members of the general public, of the dangers of using said Hydroxycut.

132. At all times herein mentioned, defendants, and each of them, had actual knowledge of the facts hereinabove alleged, demonstrating that serious injury to users of the said Hydroxycut, including Plaintiff, would probably result. Defendants, and each of them,

nevertheless deliberately failed and refused to take any action to prevent such injuries as suffered by Plaintiff. Defendants, and each of them, misrepresented the safety of the said Hydroxycut, and failed and refused to take any steps to prevent injury from said Hydroxycut in order to increase the profit of defendants, and each of them, from the sale of said Hydroxycut.

133. As a proximate result of the said defects and the acts and conduct of defendants, and each of them, as hereinabove alleged, Plaintiff sustained the injuries and damages hereinabove set forth.

134. The conduct and acts of defendants, and each of them, as hereinabove set forth, in allowing such an extremely dangerous product to be used by members of the general public, including Plaintiff, constitute fraud, malice and oppression (as defined in *Civil Code* §3294) toward Plaintiff, and a conscious disregard of the safety of Plaintiff.

135. Plaintiff is therefore entitled to exemplary or punitive damages, which would serve to punish and make examples of the defendants, and each of them, as the court may deem just and proper.

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

WHEREFORE, Plaintiff prays for judgment against the defendants, and each of them, as follows:

A. For Plaintiff's general damages according to proof;

B. For exemplary or punitive damages as the jury may deem just and proper;

C. For Plaintiff's loss of income, wages and earning potential according to proof;

D. For Plaintiff's medical and related damages, both past and future, according to proof;

E. For prejudgment interest according to proof, pursuant to *Civil Code* §3291;

///

///

///

F. For Plaintiff's costs of suit herein; and

G. For such other and further relief as the Court may deem just and proper.

DATED: September 28, 2009

LAW OFFICES OF THOMAS E. ROCKETT, III

By [signature]
THOMAS E. ROCKETT, III, ESQ.
Attorney For Plaintiff,
JESSICA ROGOFF

Law Offices of Thomas E. Rockett, III
21660 East Copley Drive, Suite 100
Diamond Bar, California 91765
(909) 396-9600 - *Telephone*
(909) 861-4441 - *Facsimile*

ORIGINAL

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Thomas E. Rockett, III, Esq. SBN: 126248
LAW OFFICES OF THOMAS E. ROCKETT, III
21660 East Copley Drive
Suite 100
Diamond Bar, California 91765
TELEPHONE NO.: (909) 396-9600 FAX NO.: (909) 861-4441
ATTORNEY FOR (Name): Plaintiff, Jessica Rogoff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street, Room 102
MAILING ADDRESS: P.O. Box 958
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: ROGOFF v. GENERAL NUTRITION CENTERS, et al.

FOR COURT USE ONLY

FILED
LOS ANGELES SUPERIOR COURT
SEP 29 2009
JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BC 422842
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify)*: eleven
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 28, 2009
Thomas E. Rockett, III, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit A -- Page 28

ORIGINAL

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case—Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief from Late Claim
  - Other Civil Petition

ORIGINAL

| SHORT TITLE: ROGOFF v. GENERAL NUTRITION CENTERS, et al. | CASE NUMBER BC422842 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL ☐ HOURS/ ☐ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☒ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., (4.) 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: ROGOFF v. GENERAL NUTRITION CENTERS, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels ______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer - Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

SHORT TITLE: ROGOFF v. GENERAL NUTRITION CENTERS, et al. | CASE NUMBER

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: ROGOFF v. GENERAL NUTRITION CENTERS, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | | | ADDRESS: |
|---|---|---|---|
| ☐1. ☐2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | 1845 Montebello Town Center |
| CITY: Montebello | STATE: CA | ZIP CODE: 90640 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Superior courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: September 28, 2009

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

**CV09- 8188 DDP (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

I (a) PLAINTIFFS (Check box if you are representing yourself ☐)
Jessica Rogoff

DEFENDANTS
General Nutrition Centers, Iovate Health Sciences U.S.A., Inc.

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Offices of Thomas E. Rockett, III
21660 E. Copley Drive, Suite 100
Diamond Bar, California 91765

Attorneys (If Known)
Arturo Gonzalez
William F. Tarantino
Alexandria Amezcua
Morrison & Foerster LLP
425 Market Street
San Francisco, California 94105
TEL: 415-267-7000

II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☒ Yes ☐ No ☒ MONEY DEMANDED IN COMPLAINT: $ ______________

VI. CAUSE OF ACTION (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1441(a); 28 U.S.C. Section 1332. Diversity jurisdiction; product liability

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☒ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities – Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV09-8188

FOR OFFICE USE ONLY: Case Number: ______________

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc. www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Not applicable | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** November 6, 2009
William F. Tarantino

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc. www.FormsWorkflow.com